Filed 1/9/25  In re J.S. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>V.P.,<br><br>Defendant and Appellant. | F088369<br><br>(Super. Ct. No. 23CEJ300156-1)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Mary Dolas, Judge.

Jesse Frederic Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel C. Cederborg, County Counsel, and Ashley N. McGuire, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Meehan, J. and Snauffer, J.

Appellant V.P. (mother) is the mother of now nine-year-old J.S. (child), who is the subject of this dependency case. At a disposition hearing in October 2023, the juvenile court denied family reunification services to mother. In June 2024, mother filed a petition under Welfare and Institutions Code section 388[1] asking the court to order family reunification services and increased visitation. The court denied mother's petition on June 27, 2024. On appeal, mother contends the court erred in denying the petition. We find no abuse of discretion, and thus we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Initial Removal*

In June 2023, the Fresno County Department of Social Services (department) received a referral alleging general neglect against mother. The child was taken into protective custody by law enforcement due to mother's unsafe and unstable housing. The child informed social workers that she witnessed mother drink alcohol every day. Mother admitted to recent marijuana and methamphetamine use, and a drug test revealed positive results for amphetamines and cannabinoid on the date of the child's removal. The department notified mother of a meeting to discuss the child's safety in her home, but she did not attend.

The department filed an original petition alleging the child was described by section 300, subdivision (b)(1). The petition alleged the child was at substantial risk of suffering serious physical harm as a result of mother's substance abuse. The department's detention report set forth mother's child welfare case history, which involved a prior dependency proceeding for the child's older siblings, I.P. and M.M,. in Los Angeles County. The siblings were removed from their legal guardians, and mother was provided family reunification services. Mother's services included spot testing,

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

counseling, and parenting classes, but she did not enroll in any services. Her family reunification services were subsequently terminated, and a plan of adoption was recommended for the siblings on May 8, 2023.

Mother was not present for the detention hearing held on June 13, 2023. The juvenile court detained the child from mother, ordered mother's visitation to be supervised at a minimum of once per week, and set a combined jurisdiction and disposition hearing for July 13, 2023.

*Jurisdiction and Disposition*

The department's jurisdiction and disposition report recommended that the allegations in the original petition be found true, the child be removed from mother's custody, and family reunification services be denied to mother pursuant to section 361.5, subdivision (b)(10) and (11). The child was placed in a resource family home, and her care provider was willing to provide a plan of adoption. There were no visits arranged because mother was not in communication with the department.

The child's father, J.S. (father), requested placement of the child, but the department recommended that he be denied placement and services. The report detailed mother's child welfare referral history, which included 18 referrals dating back to January 2008. The referrals involved unsanitary home conditions, abandonment, substance abuse, and inadequate supervision. Mother's criminal history included a felony conviction for possession of a controlled substance in July 2008.

On September 14, 2023, the juvenile court found the allegations of the original petition true, and the disposition hearing was continued. Mother was not present for the hearing, and her whereabouts were determined to be unknown after a diligent search was conducted by the department. At the continued disposition hearing held on October 12, 2023, the court ordered the child removed from mother's custody, denied family reunification services to mother and father, and set a section 366.26 hearing for February 8, 2024. Mother's supervised visitation was reduced to a minimum of once per

3.

month. The department published notice for the section 366.26 hearing after its efforts to locate both parents were unsuccessful.

*Selection and Implementation Hearing*

The initial section 366.26 hearing was continued to allow the department to make additional ICWA inquiries. The department was recommending that the juvenile court terminate the parental rights of mother and father and a plan of adoption be ordered. The child remained placed in a resource family home, and her needs for safety, well-being, and stability were being met by the care provider. The child informed the social worker that she would like to be adopted by her current care provider, and she referred to the care provider as "mom."

On February 16, 2024, mother contacted the department, and she requested visitation with the child. Mother participated in her first visit with the child on February 29, 2024. The child reportedly urinated on her clothes and bed after the visit. Mother and the child participated in three supervised visits from February 2024 through April 2024. The visitation notes indicated that the child was happy when she first saw mother. Mother and the child shared hugs and kisses at the beginning and end of their visits. They read books and drew together.

On March 7, 2024, mother and father made their first appearance in the proceedings at the continued section 366.26 hearing. Both parents were appointed counsel, and the hearing was continued at the department's request. At the continued hearing, mother set the matter for a contested hearing to be held on June 27, 2024.

Mother filed a section 388 petition on June 24, 2024, which requested an order for family reunification services and increased visitation. The petition alleged that mother was participating in a residential drug treatment program and random drug testing since March 21, 2024. It was further alleged that she was consistently visiting with the child. Mother represented that she had made significant efforts to address the reason for the child's removal such that reunification services would be in the child's best interest.

4.

Drug test results were attached to the petition, which reflected negative results on several dates in April and May 2024. A substance abuse counselor from mother's program provided a letter describing mother's progress in her program. The counselor stated that mother actively participated in her groups and engaged appropriately. Mother advanced to her second phase on May 22, 2024, and she was doing well in her treatment.

The juvenile court set a hearing to determine whether an evidentiary hearing should be granted for the same date as the contested section 366.26 hearing. On June 27, 2024, the court acknowledged mother's section 388 petition, and the parties were allowed to present argument on whether an evidentiary hearing should be granted. Mother's counsel argued that her current participation in substance abuse treatment and drug testing demonstrated changed circumstances. It was also asserted that she had the capacity and ability to complete services if they were ordered.

After hearing argument from all counsel, the juvenile court denied mother's request for an evidentiary hearing on the section 388 petition. The court found there was not a sufficient showing of a change in circumstances to support her request. In making its decision, the court reasoned as follows:

> "[T]he fact that you've enrolled is good, it's positive, but it doesn't meet the criteria that there's been a complete change of circumstances that you would be ready today to have [the child] back in your care. So for those reasons, I am denying the request to set this for an evidentiary hearing. Because all I have before me now is that you did recently enroll in a program, you have been testing negative; but for me to set a hearing to determine reunifying [the child] at this time there's not enough time. So I'm denying the request to consider your request that I order reunification services, in that there's not been a sufficient showing that there has been a change of circumstances that would require that. This is something new that you have just recently done. And I hope you are successful. But since you are still in the middle of it, we don't know how long you will be there or what the success rate will be once you are there, and without having that information or knowing that in addition to, I mean, just other factors that come into play … there hasn't been a showing that there's been a change of circumstances, a significant change of circumstances that would, under the law, allow me to have a hearing and consider providing reunification services."

The juvenile court then proceeded to the hearing under section 366.26. Mother was present and testified about her monthly visits with the child. She testified that she had not missed any of her visits. Mother would bring toys and puzzles for the child to play with during their visitation. The child would leave the visits without showing any signs of distress. Counsel presented argument regarding the section 366.26 hearing, and the court continued the matter for a ruling. The court presented its ruling on July 9, 2024. The court's ruling adopted the department's recommendation to terminate the parental rights of mother and father and select a plan of adoption for the child.

## DISCUSSION

Mother contends the juvenile court erred when it failed to grant an evidentiary hearing on her section 388 petition. She argues that her petition and supporting documentation alleged a sufficient change of circumstances to warrant an evidentiary hearing.

### A. Legal Principles

A parent petitioning the court to modify a prior dependency order pursuant to section 388 must show the existence of changed circumstances or new evidence justifying the proposed change and that the proposed change is in the best interests of the child. (§ 388; *In re Stephanie M.* (1994) 7 Cal.4th 295, 317.) A parent need only make a prima facie showing of these elements to trigger the right to an evidentiary hearing, and courts must liberally construe a section 388 petition in favor of its sufficiency. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309–310.) "However, if the liberally construed allegations of the petition do not make a prima facie showing of changed circumstances and that the proposed change would promote the best interests of the child, the court need not order a hearing on the petition. [Citations.] The prima facie requirement is not met unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition." (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.)

In determining whether the petition makes the necessary showing, the court may consider the entire factual and procedural history of the case. (*In re Jackson W.* (2010) 184 Cal.App.4th 247, 258.) Further, at the permanency planning stage of the proceedings, a parent's interest in the care, custody, and companionship of the child is no longer paramount. (*In re Stephanie M.*, *supra*, 7 Cal.4th at p. 317.) The focus has shifted from family reunification to stability and permanence for the child. (*In re Marilyn H.*, *supra*, 5 Cal.4th at p. 309.) There is a rebuttable presumption that continued out-of-home placement is in the best interests of the child. (*Id.* at p. 310.)

**B.      Standard of Review**

We review the juvenile court's summary denial of mother's section 388 petition for abuse of discretion. (*In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1079.) The denial must be upheld unless we can determine from the record that the court's decision "exceeded the bounds of reason by making an arbitrary, capricious or patently absurd determination." (*In re Marcelo B.* (2012) 209 Cal.App.4th 635, 642.) When two or more inferences can reasonably be deduced from the facts, we have no authority to substitute our decision for that of the court. (*In re Brittany K.* (2005) 127 Cal.App.4th 1497, 1505.) Where there is conflicting evidence, we reverse only if the evidence compels a finding for the appellant as a matter of law. (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1527–1529.)

**C.      Analysis**

In the present case, the juvenile court determined that mother did not prove the existence of a change in circumstances in order to grant her request for a hearing on the section 388 petition. Mother provided evidence that she was participating in substance abuse treatment and drug testing in the three months prior to the section 366.26 hearing. These facts were understood and acknowledged by the court. However, it is irrelevant that there may be evidence which would support a conclusion contrary to that of the court. (*In re K.B.* (2009) 173 Cal.App.4th 1275, 1292.) The court summarily denied

7.

mother's section 388 petition because it did not find that mother's circumstances were changed or that services were in the child's best interests, given the child's need for permanency. Thus, the court properly focused on the child's permanency and stability when it considered mother's request to delay the child's proposed permanent plan.

Mother's argument that her bond with the child and participation in substance abuse treatment mandated a hearing on the petition ignores the legally required shift in focus once reunification services were denied. Mother's section 388 petition contemplated further delay in permanency for a child who had remained in out-of-home care without any contact from mother for nine months. Although mother had begun making progress by participating in substance abuse treatment and drug testing, the circumstances before the juvenile court showed that mother was still in the early stages of addressing her substance abuse problem. Mother's issues with abusing substances dated back to at least July 2008, based upon her conviction for drug possession.

We acknowledge that mother's continued progress in treating her substance abuse problem indicates that her circumstances are changing, and mother's continued efforts are to be commended. However, mother must demonstrate "*changed*, not changing, circumstances." (*In re Mickel O.* (2011) 197 Cal.App.4th 586, 615.) Thus, it was reasonable for the juvenile court to conclude mother's recent efforts in the few months prior to the termination hearing evidenced "changing" rather than "changed" circumstances, particularly in light of her failure to make any efforts until nine months had elapsed following the child's removal. (See *In re Cliffton B.* (2000) 81 Cal.App.4th 415, 423–424 [200 days of sobriety not enough to demonstrate changed circumstances given the parent's history]; *In re Kimberly F.* (1997) 56 Cal.App.4th 519, 31, fn. 9 ["It is the nature of addiction that one must be 'clean' for a much longer period than 120 days to show real reform."].)

Because mother did not make a sufficient showing that her circumstances had changed in the eight months following the disposition hearing, the juvenile court properly

denied her section 388 petition without a hearing. The child was placed with a care provider who was committed to a plan of adoption. Considering the young child's need for permanency and stability, and the inability of mother to consistently demonstrate her commitment to sobriety throughout the proceedings, the court's decision to forego reunification efforts was not arbitrary or beyond the bounds of reason. Accordingly, we find the court did not abuse its discretion in denying the section 388 petition.

## DISPOSITION

The juvenile court's order is affirmed.